FILED
AUG 3 0 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JESSE T. MOTEN, )
                Plaintiff, )
v. )  Civil Action No. 11 1556
ORRIN HATCH, *et al.*, )
                Defendants. )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The Court will grant the application and dismiss the complaint.

The defendants to this action are a United States Senator, two federal district judges, and the former Speaker of the House of Representatives. Plaintiff alleges that these defendants have conspired with "unknown COINTELPRO Agents" for the purpose of enacting the Prison Litigation Reform Act ("PLRA"), with the knowledge that the law "would be used to profile and/or target prisoners (blacks in particular) in deliberately and intentionally frameups [sic]." Compl. at 5/a (page numbers designated by plaintiff). The PLRA is applied, plaintiff alleges, to "obstruct[] the plaintiff and other prisoner's [sic] opportunity to prove claims supported by physical evidence of State Agents['] use of excessive Force," *id.*, and to thwart plaintiff's efforts to seek habeas relief, *id.* at 5/c-5/d, in violation of rights protected under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, *id.* at 5/e. Plaintiff demands a declaratory judgment and injunctive relief "against bringing of the plaintiff's case in

1

range of the Oppressive PLRA or COINTELPRO's Black Code against habeas corpus and 1983 complaint filing." *Id.* at 5/f. The Court will dismiss this action under 28 U.S.C. § 1915A(b)(2) because these defendants are immune from suit.

The Speech or Debate Clause, U.S. Const. art. I, § 6, "provides legislators with absolute immunity for their legislative activities, relieving them from defending those actions in court." *United States v. Jefferson*, 546 F.3d 300, 310 (4th Cir. 2008) (citations omitted); *see Kilbourne v. Thompson*, 103 U.S. 168, 204 (1880) (extending "freedom of debate in legislative bodies" beyond "words spoken in debate" to "written reports presented . . . by committees, to resolutions offered, which, though in writing, must be reproduced in speech, and to the act of voting, whether it is done vocally or by passing between the tellers"). "The legislative process at the least includes delivering an opinion, uttering a speech, or haranguing in debate; proposing legislation; voting on legislation; making, publishing, presenting, and using legislative reports; authorizing investigations and issuing subpoenas; and holding hearings and introducing material at Committee hearings." *Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 10-11 (D.C. Cir. 2006) (internal citations, quotation marks, and footnotes omitted). Defendants Hatch and Gingrich enjoy absolute immunity for the legislative act of voting on on particular legislation.

Although "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity," *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), by statute injunctive relief cannot be granted as to defendants Collins and Ishii. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted."). Plaintiff's dissatisfaction with these judges' rulings may be addressed by means of appeals to the United States Court of Appeals for

the Ninth Circuit. *See* 28 U.S.C. §§ 41, 1291.

An Order accompanies this Memorandum Opinion.

*Robert L. Wilkins*
United States District Judge

Date: 8/25/2011